IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CODY WARDEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00557-O-BP |
| | § | |
| REMOTE-COM, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are *pro se* plaintiff Cody Warden's Complaint, filed on April 16, 2021; Answer to the Court's Questionnaire, filed on May 12, 2021; a document entitled "See Attached," filed on May 13, 2021; and a document entitled "Here is Proof," filed on July 8, 2021. ECF Nos. 1, 10, 11, and 14, respectively. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Warden's case **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

**I.    BACKGROUND**

In his Complaint, *pro se* plaintiff Cody Warden ("Warden") alleges violations of his Fourth Amendment rights by Defendant Remote-Com, as well as an entity he calls "Remote-Com.com-IPU Tarrant County." ECF No. 1. It is unclear whether the second entity is a particular division within Defendant Remote-Com or an additional defendant entirely. In answering the Court's Questionnaire concerning the specific identities of parties he wished to include in this lawsuit, Warden included neither of the originally named defendants and instead listed a series of judges and prosecutors involved in his state court criminal proceeding. *See* ECF No. 10 at 3.

Warden's case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 4. By Order dated April 20, 2021, the Court granted Warden's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2), subject to judicial screening under 28 U.S.C. § 1915. ECF No. 6. The Court needed more information to understand Warden's allegations that Defendants "bypass[ed] his [Fourth Amendment] rights without Due Process of Law" and "deprived [him] from being able to work." ECF No. 1. In hopes of clarifying those matters, the Court sent Warden a Questionnaire dated April 20, 2021, requesting more information on his civil rights claims and seeking clarification of the Court's jurisdiction over his case. ECF No. 7. Warden answered the Questionnaire on May 12, 2021 (ECF No. 10) and provided supplemental documents on May 13, 2021 and July 8, 2021. ECF Nos. 11 and 14, respectively.

## II.    LEGAL STANDARD

Because Warden is proceeding *in forma pauperis*, his complaint is subject to *sua sponte* dismissal if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a viable claim for relief, Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). To demonstrate entitlement to relief, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face" with sufficient specificity to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party

represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825–26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

The Fourth Amendment of the United States Constitution provides that peoples' right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST., amend. IV, § 1. The Fourth Amendment proscribes only governmental action and is wholly inapplicable "to a search or seizure, even an unreasonable one, effected by a private individual [or entity] not acting as an agent of the Government . . . ." *Walter v. United States*, 477 U.S. 649, 662 (1980).

Prosecutors have absolute immunity from suit for actions performed in the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 420–24, 431 (1976). "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). The same level of absolute immunity applies to judges acting pursuant to their judicial duties. *Id.* Thus, to bring a colorable claim against a judge for allegations related to a prior proceeding, plaintiffs must show that the judge's actions were "nonjudicial in nature" or "taken in the complete absence of all jurisdiction." *Id.* If a plaintiff can make that threshold showing, they may potentially file an action. However, if their action calls into question the disposition or procedural propriety of the prior

proceeding, they must additionally prove that the prior decision was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). If the plaintiff cannot establish a claim via this so-called "favorable termination rule," then their case is still barred by judicial immunity such that dismissal with prejudice is appropriate. *Id.*

### III.   ANALYSIS

Warden's Complaint alleged violations of his Fourth Amendment rights and vaguely referenced claims for extortion and racketeering, but did not provide facts to support those causes of action. ECF No. 1. Thus, as initially filed, the Complaint was insufficient under Federal Rule of Civil Procedure 8, because it did not include a "short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. This was true even given the Court's liberal construction of the *pro se* Complaint. *See Estelle*, 429 U.S. at 106 (citing *Haines*, 404 U.S. at 520). This insufficiency prompted the Court to issue a Questionnaire requesting factual grounds for Warden's allegations. *See* ECF No. 7 at 2–4. Warden's Answer indicated that Remote-Com, his phone service provider while incarcerated, had threatened to withhold service or charge additional fees in response to Warden's nonpayment of his bill. *See* ECF No. 10 at 1–3. The Court notes that such service interruptions are commonplace when customers cannot or do not pay their phone bill, and while perhaps frustrating for those unable to afford their continued service, do not violate their civil liberties or run afoul of the Constitution.

In fact, the document filed by Warden entitled "See Attached" provides evidence that Remote-Com violated no law. ECF No. 11. Warden captioned the document "Remote-Com demanding money without their [sic] being a guilty conviction. Extortion. Racketeering." *Id.* at 1.

However, the document attached as proof of his claims is a straightforward notice from Remote-Com that Warden had an outstanding balance of $89.00 on March 12, 2021. *Id.* at 2. There was nothing about the billing statement that could remotely be construed as extortion or racketeering.

While the Court liberally construes the pleadings of *pro se* plaintiffs to see if they allege a viable claim, nothing in Warden's Complaint, Questionnaire Answer, or other filings contained enough facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, the undersigned must conclude that "within the universe of theoretically provable facts there [does not] exist[] a set which can support a cause of action under [the] complaint, indulgently read." *See Covington*, 528 F.2d at 1370. Accordingly, Warden's Complaint lacks "an arguable basis . . . in fact" such that it fails to state a legally cognizable claim, and Judge O'Connor should dismiss this case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Neitzke*, 490 U.S. at 325; *see also Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) ("[C]onsidering the distinct features of [] *in forma pauperis* proceedings, we now hold that dismissals as frivolous or malicious should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice.").

Likewise, Judge O'Connor should dismiss Warden's Complaint because it "lacks an arguable basis in law . . . ." *Id.* Complaints lack an arguable basis in law when "based on an indisputably meritless legal theory." *Id.* at 326–27; *Berry*, 192 F.3d at 507. Here, Warden alleges that Remote-Com violated his Fourth Amendment rights by conducting an unspecified "unreasonable search and seizure" connected to his phone records and account termination. ECF No. 1. But the Fourth Amendment proscribes only governmental action and is inapplicable "to a search or seizure, even an unreasonable one, effected by a private individual [or entity] not acting as an agent of the Government . . . ." *Walter*, 477 U.S. at 662. Thus, even if Warden pleaded facts

that could support a Fourth Amendment claim against a governmental entity, he could not properly bring that claim against Remote-Com. Because Warden's claim arises from an indisputably meritless legal theory—the application of the Fourth Amendment to the actions of a private entity—Judge O'Connor should dismiss it with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 325; *Marts*, 117 F.3d at 1506.

While nothing in the Complaint or subsequent pleadings alleges facts that implicate the individuals named in Warden's Questionnaire Answer—Judges Mollee Westfall, David Hagerman, and Jamie Cummings, as well as prosecutors Jaimie Jernigan and Christopher Owen DeWitt—the undersigned will briefly address their potential liability since Warden mentioned them in his answer to the Court's Questionnaire. Even had Warden stated facts that implicate those judges and prosecutors, the doctrines of judicial and prosecutorial immunity would bar those claims, resulting in their dismissal with prejudice. *See Boyd*, 31 F.3d at 284–85.

The prosecutors Warden lists are entitled to absolute immunity from suit unless Warden presents a claim entirely unrelated to the prior proceeding. *Id.*; *Imbler*, 424 U.S. at 420–24, 431. Similarly, the doctrine of judicial immunity bars his claims against the named judges unless he alleged that the judges took action that was "nonjudicial in nature" or was "taken in the complete absence of all jurisdiction." *Boyd*, 31 F.3d at 284–85. Even if Warden made such an allegation, if his claim in any way cast the prior proceeding into doubt, he would have to show that the prior decision was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. He has alleged no facts to show that. And if Warden attempted to sue any of those individuals and could not make those exacting showings, his action still would be subject to dismissal with prejudice. *Boyd*, 31 F.3d at 283–85.

## IV. CONCLUSION

Because Warden's Complaint, as supplemented by his answer to the Court's Questionnaire, fails to state a claim and a legal basis for recovery, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this action **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on October 7, 2021.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE